IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DE LAGE LANDEN FINANCIAL
SERVICES, INC.                                                                    PLAINTIFF

VS.                                                         CIVIL ACTION NO. 4:10cv66HTW-LRA

NEWTON REGIONAL HOSPITAL, INC.;
NEWTON HOSPITAL, INC.; PIONEER
HEALTH SERVICES OF NEWTON COUNTY, LLC;
PAULETTE BUTLER                                                             DEFENDANTS

## COMPLAINT

Plaintiff, De Lage Landen Financial Services, Inc. ("DLL"), by and through counsel, files this its Complaint against Newton Regional Hospital, Inc. ("Newton Regional"), Newton Hospital, Inc. ("Newton Hospital"), Pioneer Health Services of Newton County, LLC ("Pioneer") and Paulette Butler, Individually ("Butler"), and in support thereof states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction and venue are proper in the United States District Court for the Southern District of Mississippi, Eastern Division, pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00 and the parties are citizens of different states. Furthermore, the property sought to be seized by this Complaint may be found in Newton County, Mississippi which is in the Southern District, Eastern Division.

### PARTIES

2. DLL is a Michigan corporation with its principal place of business in Pennsylvania. DLL is authorized to transact business in the state of Mississippi.

3. Defendant Newton Regional Hospital, Inc. is a Mississippi corporation, and may be served with process upon its registered agent, Paulette Butler, at 656 Morton Marathon Road, Morton, MS 39117.

4. Defendant Newton Hospital, Inc. is a Mississippi non-profit corporation, and may be served with process upon its registered agent, Dr. Gil Davis, at 107 Decatur Street, Newton, MS, 39345.

5. Defendant Pioneer Health Services of Newton County, LLC is a Mississippi limited liability company, and may be served with process upon its registered agent, Joseph S. McNulty, III, at 301 Eight Avenue SE, Magee, MS 39111.

6. Defendant Paulette Butler, upon information and belief, is an adult resident citizen of Scott County, Mississippi and may be served with process at 656 Morton Marathon Road, Morton, MS 39117.

## FACTS

7. On April 23, 2008, Newton Regional entered into a Master Lease Agreement ("Lease") with Toshiba America Medical Systems, Inc. ("Toshiba"), whereby Newton Regional agreed to lease an Aquillion 16 Whole Body CT Scanner serial number GDD0813192 ("Aquilion 16 System") together with all accessories, attachments, equipment and parts from Toshiba. See Master Lease Schedule and Agreement collectively attached as Exhibit "A." A description of the equipment and software consisting of the Aquilion 16 System is attached herein as Exhibit "B." Newton Regional leased the Aquilion 16 System for use in the Newton Regional Hospital in Newton, Mississippi. On this same date, Paulette Butler, President of Newton Regional, executed a Blanket Personal Guaranty in favor of Toshiba, promising the due

and punctual payment to Toshiba of all rent obligations and all other amounts coming due under the Lease. See Exhibit "C."

8. The Lease called for Newton Regional to make 2 monthly payments of $0 and then 60 monthly payments of $13,061.49. See Exhibit "A." On July 31, 2008, in accordance with Section 1 of the Lease, Toshiba revised the payment schedule to require 60 monthly payments of $12,423.30 plus applicable tax to reflect changes in United States Treasury obligations. See Exhibit "D."

9. Toshiba subsequently assigned its rights as lessor under the Lease to DLL. See Acknowledgment of Assignment attached as Exhibit "E." Toshiba notified Newton Regional of the assignment on February 16, 2010. See Exhibit "F."

10. Newton Regional assigned its rights as lessee under the Lease to Newton Hospital pursuant to a Final Judgment entered by the Newton County Chancery Court on February 9, 2009. See Exhibit "G." Pursuant to the Final Judgment, Newton Hospital would take over operations of the Newton Regional Hospital from Newton Regional. Toshiba and DLL were not parties to, nor did they have knowledge of the chancery court matter. Toshiba and DLL also did not provide consent for the assignment of Newton Regional's rights as lessee to Newton Hospital.

11. In February of 2010, DLL received a correspondence from Buddy Yates, Controller of Pioneer, stating that Pioneer had taken over operations of the Newton Regional Hospital from Newton Hospital and would be assuming Newton Hospital's position as lessee under the Lease with DLL and acknowledged Pioneer's duty to make payments under the Lease, and further acknowledged that said payments were delinquent. See Exhibit "H." DLL did not provide written consent for the assignment of rights as lessee to Pioneer. As the current

administrator of Newton Regional Hospital, Pioneer is currently in possession of the Aquilion 16 System subject to the Lease between DLL and Newton Regional.

12. To date, Newton Regional, Newton Hospital, or Pioneer as lessee, owes $95,912.24 in delinquent monthly payments plus accruing late fees, finance charges, and other fees pursuant to the Lease. The lessee's failure to make several monthly payments is an Event of Default pursuant to Paragraph 13 of the Lease. See Exhibit "A." DLL has notified Newton Regional of its delinquent indebtedness pursuant to the Lease. See Exhibit "I."

## COUNT ONE - BREACH OF CONTRACT

13. Plaintiff incorporates Paragraphs 1-12 by reference.

14. Defendants failed to pay according to the terms of the Lease. This failure to pay constitutes a material breach of the terms of the Lease. Pursuant to the terms of the Lease, Defendants' failure to pay results in an acceleration of the total indebtedness under the Lease.

15. Defendant Newton Regional failed to obtain the written consent of Toshiba or DLL to assign its rights as lessee under the Lease. Newton Regional's failure to obtain written consent for assignment constitutes a material breach of the terms of the Lease.

16. DLL is entitled to a judgment for the total accelerated amount of indebtedness, together with accrued interest to date. The current accelerated balance on the Lease is $493,487.85 plus accruing late fees, finance charges, and other fees. Pursuant to the Lease, interest shall accrue at the rate of eighteen percent (18%) per annum from the date of default until the balance is fully paid.

17. DLL is also entitled, pursuant to the Lease, to take immediate possession, without demand or notice, of the Aquilion 16 System with all costs incurred in taking such possession to be charged to the Defendants.

18. DLL is also entitled to all costs, expenses and attorney's fees in the event of a breach of the Lease. The Lease states "Lessee shall also be liable for and shall pay to Lessor (i)

all expenses incurred by Lessor in connection with the enforcement of any of Lessor's remedies, including all expenses of repossessing, storing, shipping, and repairing and selling the system; and (ii) Lessor's reasonable attorney's fees."

## COUNT TWO- TORTIOUS BREACH OF CONTRACT

19. Plaintiff's incorporate Paragraphs 1-18 by reference.

20. To the extent that a Lease Agreement was signed by Newton Regional and assigned to Defendants that required monthly payments in the amount of $12,423.30 plus applicable tax, Defendants have purposefully, willfully, and knowingly breached the Agreement. As a result, Plaintiffs are entitled to damages.

21. DLL is also entitled, pursuant to the Lease, to take immediate possession, without demand or notice, of the Aquilion 16 System with all costs incurred in taking such possession to be charged to the Defendants.

## COUNT THREE- BREACH OF BLANKET PERSONAL GUARANTY

22. Plaintiff incorporates Paragraphs 1-21 by reference.

23. Defendants' acts of default of the Lease with DLL are also acts of default of Defendant Paulette Butler pursuant to the terms of the Blanket Personal Guaranty executed by Butler regarding the Lease.

24. DLL is entitled to a judgment for the total amount of accelerated indebtedness, together with accrued interest to date. The current accelerated balance is $493,487.85 plus accruing late fees, finance charges, and other fees. Pursuant to the terms of the Guaranty, interest shall accrue at the rate provided in the Lease, which shall be eighteen percent (18%) per annum from the date of default until the balance is fully paid.

25. DLL is also entitled to all costs, charges, and expenses, including attorney's fees, in the event of a breach of the Guaranty. The Guaranty states, "Guarantor shall be liable for all costs, charges and expenses including reasonable attorneys' fees and disbursement incurred by

Lessor by reason of the occurrence of an Event of Default hereunder or the exercise of remedies provided herein."

## COUNT FOUR- CONVERSION

26. Plaintiffs incorporate Paragraphs 1-25 by reference.

27. By failing to make the monthly payments as required under the Lease, Defendants have exercised dominion and control over the Aquilion 16 System which is inconsistent with DLL's right of possession and have converted the Aquilion 16 System to their own use. As a result, DLL is entitled to damages in an amount to be determined at trial.

## PRAYER

WHEREFORE, Plaintiff DLL demands judgment in its favor and against Defendants as follows:

1. A judgment against Newton Regional, Newton Hospital, and Pioneer for breach of contract, tortuous breach of contract and conversion in the amount of $493,487.85 plus accruing late fees, finance charges, and other fees plus accrued interest from the date of default until such payment is made; and

2. A judgment against Paulette Butler for breach of blanket personal guaranty in the amount of $493,487.85 plus accruing late fees, finance charges, and other fees plus accrued interest from the date of default until such payment is made; and

3. An Order by the Court awarding DLL with pre-judgment possession of the Aquilion 16 System, currently possessed by the Defendants, in order to insure the mitigation of any further damages to DLL's property; and

4. For an award of reasonable attorneys' fees, expenses, and costs; and

5. For any further and general relief to which DLL may be entitled.

Respectfully submitted,

DE LAGE LANDEN FINANCIAL SERVICES, INC.

BY: WELLS, MOORE, SIMMONS & HUBBARD, PLLC

BY: _____
RICHARD D. MITCHELL (MBN 3381)
SETH C. LITTLE (MBN 102890)

Of Counsel:
Richard D. Mitchell (MBN 3381)
Seth C. Little (MBN 102890)
WELLS, MOORE, SIMMONS & HUBBARD, PLLC
Highland Bluff North
4450 Old Canton Road, Suite 200 (39211)
Post Office Box 1970
Jackson, MS 39215-1970
Telephone: (601) 354-5400
Telecopier: (601) 355-5850

*ATTORNEYS FOR DE LAGE LANDEN FINANCIAL SERVICES, INC.*